Giménez Muñoz, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se cuestiona en este recurso la facultad de un magistrado para reconsiderar una determinación de causa probable tomada en vista preliminar cuando el expediente es remitido a la Secretaría del Tribunal de Primera Instancia, pero antes de celebrada la lectura de acusación.
*650 I
Contra el peticionario, José Rivera Maldonado, se presentaron denuncias por apropiación ilegal agravada (Artículo 166 del Código Penal) y se determinó causa para su arresto o citación el 29 de abril de 1997. La vista preliminar que contempla la Regla 23 de Procedimiento Criminal fue celebrada el 11 de junio de 1997 y el magistrado determinó causa para acusar por los cargos imputados.
Doce días después, el 23 de junio de 1997, el peticionario solicitó reconsideración ante el magistrado que determinó causa en la vista preliminar. El 24 de junio, el Ministerio Fiscal presentó acusaciones y señalada la lectura de la misma, el 26 de junio de 1997, el acusado peticionario informó que su petición de reconsideración había sido aceptada el día antes, 25 de junio de 1997. Por tal razón solicitó la desestimación de las acusaciones. En la reconsideración que fuera presentada el magistrado escribió sobre su última página lo siguiente:

"Después de evaluada Moción se declara Ha lugar a la misma.

[firma del magistrado]

25 de junio de 1997."

La petición de desestimación que formulara el peticionario fue declarada no ha lugar, pues el Tribunal de Primera Instancia (Instancia) consideró que el magistrado de vista preliminar actuó sin jurisdicción.
Inconforme con lo resuelto recurre el peticionario y señala que Instancia incidió al negarse a desestimar, pues el magistrado de vista preliminar, al reconsiderar, encontró inexistencia de causa para acusar. 
II
Arguye el peticionario que habiendo el magistrado de vista preliminar reconsiderado su dictamen de causa el día antes de la fecha pautada para la lectura de la acusación, conservó jurisdicción sobre el caso. Señala, además, que con el acto de lectura de acusación es que surge el caso criminal y que habiendo el magistrado celebrado vista, no tiene sentido en términos de justicia y economía procesal, celebrar otra vista.
La realidad es que, como apuntara la ilustrada sala recurrida, una vez emitida la determinación de causa probable, el magistrado tenía la obligación de remitir el expediente "inmediatamente" a la Secretaría, quien a su vez venía obligada a referir el mismo a Fiscalía. Por ello, remitido el expediente como se deja dicho, el magistrado carecía de competencia para considerar la MOCION DE RECONSIDERACION.
La Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23, que gobierna la vista preliminar, contiene disposiciones en el sentido de que:

"(a) [...]

(b) [...]

(c) [...] Después que terminare el procedimiento ante él, el magistrado remitirá inmediatamente a la secretaría de la sección y sala correspondiente del Tribunal de Primera Instancia todo el expediente relacionado con dicho procedimiento, incluyendo cualquier fianza prestada. [...]." (Enfasis nuestro.)
La Regla 24(B) de Procedimiento Criminal, 34 L.P.R.A., Ap. Ill, R.24, por su parte establece que:

"Cuando el expediente fuere remitido a la secretaría de alguna sala de la sección Superior del Tribunal de Primera Instancia, el Secretario deberá remitir el mismo inmediatamente al fiscal de dicha sala, quien presentará la acusación que procediere [...] Si por causa justificada el fiscal considerare que no debe presentarse acusación, archivará el expediente en la secretaría de la sala

*651 De conformidad con lo preceptuado, la participación del magistrado que preside una vista preliminar termina "inmediatamente" que concluye el procedimiento ante él y se refieren los documentos a la secretaría. Ello cobra fuerza pues, como hemos visto, la secretaría está compelida a actuar de forma inmediata y referir el expediente al fiscal para la presentación de la acusación o su archivo.
Al expresar lo anterior, no ponemos en duda la facultad inherente del magistrado para reconsiderar una decisión dentro de un proceso criminal. Este curso de acción no está prohibido. Pero la existencia y alcance de la facultad inherente de un magistrado para reconsiderar, en la etapa preliminar, deben ser fijados atendiendo a la naturaleza y el propósito del incidente en cuestión. En estos casos, la facultad de reconsiderar debe ser coetánea al incidente de vista preliminar y se extingue al finalizar su intervención. Véase Pueblo v. José Albedol, Núm. KLCE-96-00387.
Por último, reconocer el mecanismo procesal de reconsideración en la etapa avanzada de vista preliminar, como aquí se pretende, podría muy bien abrir las puertas de par en par a otros incidentes procesales previos a la presentación de la acusación, como en el caso de una orden de arresto, de fijación de fianza o de allanamiento, creando de ese modo serias complicaciones para la eficiente administración de la justicia. 
ffl
Por los fundamentos anteriormente expresados, se deniega el recurso solicitado.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 3
1. El 29 de julio de 1997 ordenamos la paralización de los procedimientos en el Tribunal de Primera Instancia.
2. El peticionario tiene disponible el mecanismo de la Regla 64(P) de Procedimiento Criminal.